IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEX ABADI | : | CIVIL ACTION |
| v. | : | |
| CROWN INDUSTRIALS, LLC, ET AL. | : | NO. 18-3493 |

### ORDER MEMORANDUM

**AND NOW**, this 5th day of August, 2019, upon consideration of Defendants' Motion to Dismiss (Docket No. 9) and all documents filed in connection therewith, **IT IS HEREBY ORDERED** that the Motion is **DENIED**.

### I. BACKGROUND

The Complaint in this action alleges that the three Defendants in this action, Crown Industrials, LLC ("Crown"); GE Supply, Inc. ("GE"); and Northern Products Incorporated ("Northern") acted together to submit false invoices for payment to Image Microsystems, Inc. ("Image"), for items that Image neither ordered nor received. (Compl. ¶¶ 1, 3-5, 23.) Plaintiff was formerly the majority shareholder, President, and CEO of Image. (Id. ¶ 12.) Dan M. Adams was the manager of Image's shipping and receiving department beginning in 2001, and its purchasing manager as of 2007. (Id. ¶¶ 18-19.) As such, Adams had responsibility for placing orders for Image's shipping operations and for approving invoices for items ordered by Image before they were paid by Image's accounting department. (Id. ¶ 20.)

Plaintiff sold his interest in Image in 2017, and in April and May of that year, an audit of Image's books and records was performed in connection with the sale. (Id. ¶¶ 22, 32.) In May 2017, as a result of this audit, Plaintiff learned that Image had paid Defendants approximately $600,000.00 during the prior two years based on invoices for shipping products and janitorial products that Image had neither ordered nor received. (Id. ¶ 23.) The Complaint states that (1)

Image paid GE $185,288.80 based on fraudulent invoices; (2) Image paid Crown $311,240.86 based on fraudulent invoices; and (3) Image paid Northern $105,834.46 based on fraudulent invoices. (Id. ¶ 24; Ex. A.) Image made those payments based on invoices created by Defendants in Pennsylvania, sent to Adams at Image's office in Texas, and approved for payment by Adams. (Id. ¶¶ 25, 27.) Adams has admitted that "he had worked in concert with Defendants in a scheme in which Defendants issued fake invoices to Image for products that Image neither purchased nor received." (Id. ¶ 26.) Plaintiff has attached to the Complaint more than 300 fraudulent invoices that were mailed to Image's accounting department in Texas by Defendants from Pennsylvania and approved for payment by Adams. (Id. ¶ 27; Exs. C, E, and G.) After Adams approved the invoices, they were paid by Image through checks drawn on Image's accounts in banks located in Texas and mailed to Defendants in Pennsylvania and North Carolina. (Id. ¶¶ 29-30.)

On June 17, 2017, prior to its sale, Image assigned to Plaintiff all of its rights to pursue claims against Adams and others related to the payments made by Image on the fraudulent invoices (the "Assignment"). (Id. ¶ 32, Ex. B.) Plaintiff has brought the instant action against Defendants to recover the money paid by Image based on the fraudulent invoices. Plaintiff asserts claims against Defendants pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO") (Counts I and II), and pursuant to state common law for fraud (Counts III-V), civil conspiracy (Count VI), and unjust enrichment (Counts VII-IX).

## II. LEGAL STANDARD

Defendants argue that the Complaint should be dismissed because Plaintiff lacks standing to bring the claims asserted therein. "'A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter.'" Constitution Party of Pa. v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014) (alteration in original) (quoting Ballentine v.

2

United States, 486 F.3d 806, 810 (3d Cir. 2007)). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing [standing]." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016) (citing FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990)). Thus, Plaintiff must demonstrate that he possesses the requisite stake in the outcome of this suit to have standing by showing that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Id. (stating that these three elements are the "irreducible constitutional minimum" of standing) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (remaining citation omitted)); see also Hollingsworth v. Perry, 570 U.S. 693, 704 (2013) (citing Lujan, 504 U.S. at 560-61).

Defendants bring a facial challenge to Plaintiff's standing to assert the claims raised in the Complaint. Consequently, we consider the "claim on its face" and determine whether it is "insufficient to invoke the subject matter jurisdiction of the court" due to some "jurisdictional defect." Constitution Party of Pa., 757 F.3d at 358. This type of attack is judged under the same standard as a motion to dismiss pursuant to Rule 12(b)(6). Id. Thus, we "'only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" Id. (quoting In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012)).

### III. DISCUSSION

Defendants contend that Plaintiff lacks standing to assert the claims alleged in the Complaint because Image, rather than Plaintiff, was injured by the alleged actions of Defendants so that only Image has the right to bring claims against Defendants with respect to those actions. While the Complaint alleges that Image assigned to Plaintiff all of its rights to brings claims against Defendants related to Image's payments of the fraudulent invoices (Compl. ¶ 32), Defendants

3

argue that the Assignment is legally insufficient to assign any RICO claims that Image may have against Defendants because it is a general assignment.

"As a general rule, terms of art are not required for a valid assignment." <u>Lerman v. Joyce Int'l, Inc.</u>, 10 F.3d 106, 112 (3d Cir. 1993) (quotation omitted). However, assignment of RICO claims must be "express." <u>Id.</u> The Third Circuit has explained that an assignment that assigns only the assignor's "right, title and interest" in property is insufficient to assign a RICO claim related to that property, but an assignment that assigns all of the assignor's "causes of action and claims . . . of whatsoever nature" is sufficient to constitute an express assignment of a RICO claim. <u>Id.</u> at 112-13 (internal quotation marks omitted).

The Assignment, which is dated June 16, 2017 and is attached as Exhibit B to the Complaint, states that Image:

> assigns the right to One Hundred Percent (100%) of all monies and interest collected, including attorney's fees and other costs which may be recovered in the collection of the Debt owed it (the "Debt") by Dan M. Adams and others ("Debtor" whether one or more), including collection efforts, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, assign and convey to Alex Abadi ("Assignee") his successors and assigns, all of Creditor's rights and interest in a Debt owed it by Debtor, made by Debtor in the principal amount of $450,000.00±. A true and correct copy of the documentation evidencing this debt is attached hereto as Exhibit A, and made a part hereof for all purposes. . . .
>
> This Assignment conveys to Assignee the full right and power to settle, compromise, collect or reassign this debt, and to give a release in full discharge of liability under this Debt.

(Compl. Ex. B.) The Complaint also contains Exhibit A, which lists all transactions between Image and Defendants and is dated May 13, 2017, one month prior to the Assignment.

While the Assignment is not a model of clarity, viewing the allegations of the Complaint together with these Exhibits in the light most favorable to the Plaintiff, <u>Constitution Party of Pa.</u>, 757 F.3d at 358, we conclude for the purposes of this Motion to Dismiss, that the Complaint

4

sufficiently alleges that the Assignment assigned to Plaintiff all of Image's rights to take legal action against Adams and others to recover the money paid by Image to Defendants based on the allegedly fraudulent invoices.  We further conclude, accordingly, that the Complaint alleges that Image's assignment to Plaintiff of the right to bring a legal action against Defendants for the recovery of that money, including any claims brought pursuant to RICO, is express.  See Lerman, 10 F.3d at 112; see also MSP Recovery Claims, Series LLC v. Sanofi Aventis U.S. LLC, Civ. A. No. 18-2211, 2019 WL 1418129, at *7 (D.N.J. Mar. 29, 2019) (concluding that the assignment to the plaintiff by multiple Medicare Advantage plans of their "recovery rights" against the defendant related to an allegedly fraudulent insulin pricing scheme constituted an express assignment of RICO claims against the defendant related to that fraudulent pricing scheme).

**IV.     CONCLUSION**

For the reasons stated above, we deny the Motion to Dismiss.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.